IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO AREA JOINT WELFARE    )
COMMITTEE FOR THE POINTING,    )
CLEANING AND CAULKING    )
INDUSTRY, LOCAL 52, *et al.*,    )
        )   CIVIL ACTION
        Plaintiffs,    )
        )   NO. 07 C 3417
        v.    )
        )   JUDGE WILLIAM T. HART
RAMIREZ CONSTRUCTION COMPANY,)
an Illinois corporation,    )
        )
        Defendant.    )

## PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED PURPOSE OF ENFORCING THE TERMS OF A CONSENT DECREE, ENTERING JUDGMENT AGAINST DEFENDANT, RAMIREZ CONSTRUCTION COMPANY AND FOR AN ORDER DIRECTING DEFENDANT TO TURN OVER MONTHLY FRINGE BENEFIT CONTRIBUTION REPORTS

NOW COME Plaintiffs, Chicago Area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry, Local 52, *et al.* ("Plaintiffs" or "Plaintiff Funds"), by their attorneys and move the Court for entry of an Order reopening this action for the limited purpose of enforcing the terms of a Consent Decree entered by this Court on November 7, 2007 and for an Order directing Defendant, Ramirez Construction Company ("Ramirez") to turn over its monthly fringe benefit contribution reports due Plaintiffs for the time period January 2008 through the present date. In support of the Motion, Plaintiffs state as follows:

1.    This action was originally brought by the Plaintiff Funds, and its Administrator, alleging, *inter alia*, that Ramirez breached its obligations under the terms of the Collective Bargaining Agreement entered into with the Pointers, Cleaners and Caulkers Union, Local No. 52,

Bricklayers and Allied Craftsmen and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiff Funds allege that Ramirez failed to submit its monthly fringe benefit contribution reports and failed to remit payment of all contributions due thereon for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145.

2.      On November 7, 2007, this Court entered the parties' Consent Decree incorporating the terms for settlement agreed to by the parties (a copy of the Consent Decree is attached hereto).

3.      Under the Consent Decree, Ramirez acknowledged and agreed that it owed the total amount of $180,633.15 for contributions, liquidated damages, and attorneys' fees for the time period October 1, 2006 through September 30, 2007, as described in Paragraphs 4 and 5 of the Consent Decree.

4.      Ramirez also acknowledged and agreed to remain current with respect to the submission of monthly contribution reports and payment of fringe benefit contributions that accrue.

5.      Ramirez agreed to make payment to the Plaintiffs of the amount specified in Paragraphs 4 and 5 of the Consent Decree by way of an initial down payment of $61,307.94 due on November 1, 2007 and the remaining balance of $119,337.21 by way of a payment schedule described in Paragraph 6 of the Consent Decree.

6.      Ramirez has failed to abide by the terms of the Consent Decree by failing to submit its monthly fringe benefit contribution reports for the months of January 2008 through the present, as required by Paragraph 8 of the Consent Decree and has also failed to submit its installments due on February 20, 2008 and March 20, 2008, as required by Paragraph 6 of the Consent Decree.

7.     The Consent Decree provides that in the event Ramirez defaults, Plaintiffs shall be entitled to execution of the amount of the Judgment, plus all contributions and liquidated damages due according to subsequently submitted reports, including Plaintiffs' reasonable attorneys' fees, and court costs incurred during the litigation of this matter and through enforcement of the terms of this Consent Decree, court costs, and liquidated damages against Ramirez.

8.     Based on reports received from Ramirez for October 2007 through December 2007 and payments received from Ramirez, there remains a total of $122,671.27 due under the Consent Decree. Below is a breakdown of this amount:

| Description | Amount Due |
|---|---|
| Total Contributions due under the Consent Decree | $127,731.74 |
| Liquidated Damages due under the Consent Decree | $ 50,697.66 |
| October 2007 Contributions | $ 26,952.36 |
| November 2007 Contributions | $ 33,974.62 |
| December 2007 Contributions | $ 23,235.64 |
| Less Payment - Check No. 1000216 | - $ 61,307.94 |
| Less Payment - Check No. 1000453 | - $ 36,897.13 |
| Less Payment - Check No. 1000745 | - $ 29,000.00 |
| Less Payment - Check No. 1000805 | - $ 14,919.43 |
| Attorneys' Fees and Costs due under the Consent Decree | $ 2,203.75 |
| **TOTAL AMOUNT DUE** | **$122,671.27** |

9.      For the foregoing reasons, the Plaintiffs hereby move the Court for the entry of an

Order to reopen this case for the limited purpose of enforcing the terms of the Consent Decree,

entering judgment against Ramirez, and for an Order directing Ramirez to turn over monthly fringe

benefit contribution reports for the time period January 2008 through the present date. Specifically,

Plaintiff Funds request:

A.      That judgment be entered in favor of Plaintiffs and against Ramirez, to include the
        amount of $122,671.27, being the total amount remaining due under the Consent
        Decree for contributions, liquidated damages, attorneys' fees and costs for the time
        period October 1, 2006 through September 30, 2007, and subsequent contributions
        due for October 2007 through December 2007;

B.      That Ramirez submit its monthly fringe benefit contribution reports for the months
        of January 2008 through the present within fourteen (14) days of the entry of this
        Order, and that the Court enter final judgment against Ramirez, after Plaintiffs
        determine the additional amount due; and

C.      That Plaintiffs have such further relief as may be deemed just and equitable by the
        Court.


                                        /s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-mail: cscanlon@baumsigman.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document, **Plaintiffs' Motion to Reopen Case for the Limited Purpose of Enforcing the Terms of a Consent Decree, Entering Judgment Against Defendant, Ramirez Construction Company and for an Order Directing Defendant to Turn over Monthly Fringe Benefit Contribution Reports**, with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this _9th_ day of April 2008:

Mr. Eric Brummett, President
Ramirez Construction Company
2015 W. Fullerton Avenue
Chicago, IL   60647

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.:   6288574
Telephone:   (312) 236-4316
Facsimile:   (312) 236-0241
E-Mail:   cscanlon@baumsigman.com

I:\52J\Ramirez Construction\motion to reopen.cms.mgp.wpd